# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MEN OF DESTINY MINISTRIES, INC.,**

      **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　**Case No. 6:06-cv-624-Orl-31DAB**

**OSCEOLA COUNTY, FLORIDA,**

      **Defendant.**

_____

## ORDER

This cause came on for consideration with oral argument on the following motions filed herein:

> **MOTION:** **MOTION TO COMPEL PRODUCTION OF DOCUMENTS (Doc. No. 37)**
>
> **FILED:** July 5, 2006
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED** in part and **DENIED** in part.

> **MOTION:** **MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM NON-PARTY WITNESSES (Doc. No. 41)**
>
> **FILED:** July 13, 2006
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED** as moot. Plaintiff's counsel has represented on the record that the individual non-party witnesses have no documents other than the corporate documents, which are in the corporation's custody and control.

> **MOTION:** **PLAINTIFF'S MOTION TO COMPEL INTERROGATORY ANSWERS AND ADMISSIONS (Doc. No. 43)**
>
> **FILED:** July 14, 2006
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED** in part and **DENIED** in part.

At issue in this matter set for expedited trial is the scope of discovery. On one hand, the nature of the proceeding is a review of whether Defendant's action taken on a Conditional Use Permit application constitutes violation of Plaintiff's statutory and constitutional rights. As such, it appears that the proceeding is one in which little formal discovery should be needed, as the complaint is against official action, which is set forth in a formal administrative record. On the other hand, Plaintiff makes certain allegations in the Complaint which Defendant asserts are either contrary to what was presented below or otherwise not substantiated, and facts supporting such allegations are appropriately discoverable as they reflect on issues of standing, veracity and other matters at issue. Adding to the complexity of the issues, the parties have engaged in expedited and relatively informal discovery, in view of the imminent trial. Thus, the Court required a compressed briefing of the issues, and all outstanding matters were addressed at the argument.

The Court finds that additional, limited discovery is appropriate from both sides.

*Defendant's Motion to Compel Production of Documents*

**Copies of all U.S. and State, if any, tax returns (Document Requests B, H):**

Although Plaintiff contends that the tax returns are not relevant, it also contends that it is a tax exempt organization entitled to the privacy protection of federal law for drug abuse rehabilitation

programs. If, as pointed out by Defendant at argument, Plaintiff's tax exempt status is due to its status as a church, and not its status as a drug abuse rehabilitation facility, it may well not be entitled to rely on its tax exempt status as establishing that it is a federally assisted rehabilitation program, entitled to the protection of 42 C.F.R. § 2.12. As Plaintiff's materials submitted to the County (and attached to the Complaint) do not specifically and unambiguously identify the facility as a drug and alcohol rehabilitation program,[1] the status of this organization as a tax exempt rehabilitation facility is fairly at issue, and discovery of federal tax returns for the year immediately prior to the application will be allowed.

**Copy of all background checks and files on the officers, staff or present or former clients (Request E, K, V, W)**

As Plaintiff has not shown its entitlement to the protections offered to certain drug abuse programs, and the documents may otherwise be relevant (and Plaintiff's counsel has admitted that no contemporaneously generated documents regarding background checks apparently exist), Plaintiff shall produce the names and social security numbers of the approximately 200 present and former clients of the facility to Defendant **for defense attorney's eyes only**, for the purpose of verifying the background checks. The information is limited to the purpose stated, and no depositions of the clients shall be scheduled.

**Copies of all documents regarding Florida's corporate tax, sales tax, real property taxes (Request I and J)**

---

[1] Note Complaint Exhibit 1 at page. 24, where the Applicant provides a detailed description of the operation, and refers to it as a "men's discipleship program" that provides a safe place for "men, who, for one reason or another, have gotten off track in their lives." The description states that the men will be "working to learn life skills, financial skills and accountability skills" and job training is provided. There is no specific reference to drug or alcohol rehabilitation or treatment.

These documents are not relevant, as far as the Court can tell, and need not be produced.

**Copies of all programming documents, including medical records of the clients (Request M, N)**

The Court agrees with Plaintiff that such a request is overbroad. The motion to compel is granted only to the extent that the records include diagnoses or other medical treatment records that go to the issue of whether the facility engages in drug or alcohol treatment. Such records are also for attorneys' eyes only, and their use at trial shall be subject to whatever restrictions may be imposed by the presiding judge.

**Copies of all documents identifying referral sources (Request R)**

While the documents sought may be discoverable, Plaintiff has responded that no such list exists (Doc. No. 42 at 3). As such, there is nothing to compel.

**Names, addresses of donors and amounts contributed (Requests S, X)**

The Court fails to see the relevance of the documents requested to any matter at issue. These items need not be produced.

*Plaintiff's Motion to Compel*

**Interrogatory 1 - state the reasons why Plaintiff was denied a Conditional Use Permit**

As discussed at hearing, the County, like all governmental entities, acts only through authorized agents or official acts of the collective body itself. As such, identification of a single, unified "reason" behind a collective action is often a difficult, if not impossible, undertaking. Here, the County referred Plaintiff to the official Land Development Code sections, and the depositions (already taken) of the County's staff, members of the Planning Commission and County Commissioners. Absent an official statement of reasons undertaken and approved by the County

(which does not apparently exist), the County has adequately provided Plaintiff with the best and only evidence it has pertaining to the Interrogatory. The motion to compel is denied, as to this question.

### Interrogatories 11 and 17 - state factual bases for affirmative defenses

Although Defendant may be technically correct in that the Interrogatories are not directed to the Amended Answer, in view of the expedited trial schedule, the fact that the Amended Answer restates the affirmative defenses at issue (*e.g.,* unclean hands) and the obvious need for the information, the motion is granted with respect to these Interrogatories. The County shall answer the Interrogatories by Friday July 21, 2006 at 5:00 p.m..

### Request for Admission 13 - Admit that denial of Plaintiff's Conditional Use Permit application is the implementation of an Osceola County Land Use Regulation

The answer provided by the County – that the denial of the CUP was within the authority of the County and said denial was lawful– is a sufficient answer, considering the awkwardness of the wording of the Request.

### Request for Admission 15 - 18 - the Hypotheticals

These Requests all ask the County to address whether it would allow or approve a permit, based on a set of hypothetical facts set forth in the various requests. The Court agrees with the County that such Requests are not proper. As discussed above, a governmental entity is a collective body. In Florida, such bodies operate "in the sunshine," that is, pursuant to various regulations and statutes that govern when, where and how a matter before the governmental body can be discussed and determined. Moreover, decisions are not made in a vacuum, but after staff review and input, public hearings, and consideration of a variety of factors, none of which are (or could be) fully set forth in the hypotheticals presented. As such, a request that seeks to force the County to "admit" that

a particular partially described use would be approved or permitted by the Commissioners cannot be answered. At best, the County may answer, as it has, by pointing to various provisions in its Code that appear to address the hypothetical situations. **The motion is denied as to these Requests.**

**Request To Admit - 20**

Defendant has withdrawn its earlier response, and has replaced it with a denial. As such, the motion to compel is **moo**t as to Request to Admit No. 20.

### *CONCLUSION*

In view of the compressed schedule and upcoming trial, the parties are **ORDERED** to produce the documents and supplement their answers to discovery requests, as set forth above, **forthwith.** The Court expects immediate and full cooperation by both sides in order to ready this matter for trial.[2]

**DONE** and **ORDERED** in Orlando, Florida on July 19, 2006.

*David A. Baker*
  DAVID A. BAKER
  UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

---

[2] In so stating this expectation, the Court notes that it has been impressed with the high quality of lawyering on both sides of this matter and has no doubt that counsel shall continue to act with an admirable degree of professionalism in adhering to the letter and spirit of this Order.